# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| LAKEISHA TERRY, ) | |
| ) | Case No. 1:20-cv-104 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge H. Bruce Guyton |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| *Defendant*. ) | |

## ORDER

On June 30, 2021, United States Magistrate Judge H. Bruce Guyton filed his Report and Recommendation (Doc. 22) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Guyton recommended that:

- Plaintiff's motion for summary judgment (Doc. 17) be **GRANTED IN PART**;

- Defendant's motion for summary judgment (Doc. 20) be **DENIED**; and

- Defendant's decision denying benefits be **REMANDED** for the administrative law judge to appropriately consider Plaintiff's mental impairments in making a residual functional capacity ("RFC") determination, consistent with Magistrate Judge Guyton's report and recommendation.

Plaintiff did not file objections to the Magistrate Judge's Report and Recommendation.[1] Defendant filed a timely notice regarding Magistrate Judge Guyton's Report and Recommendation, indicating that "the Defendant rests, and will not be filing any further papers pertaining to the merits of this case, including objections to the Magistrate's Report & Recommendation." (Doc. 23, at 1.) Nevertheless, the Court has reviewed the Report and Recommendation, as well as the record, and it agrees with Magistrate Judge Guyton's well-reasoned conclusions.

Accordingly:

- Plaintiff's motion for summary judgment (Doc. 17) is hereby **GRANTED IN PART**.
- Defendant's motion for summary judgment (Doc. 20) is **DENIED**.
- Defendant's decision denying benefits is **REMANDED** for further proceedings consistent with Magistrate Judge Guyton's report and recommendation (Doc. 22).

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] Magistrate Judge Guyton specifically advised Plaintiff that she had 14 days in which to object to the Report and Recommendation and that failure to do so would waive her right to appeal. (Doc. 22, at 23 n.4); *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Even taking into account the three additional days for service provided by Fed. R. Civ. P. 6(d), the period in which Plaintiff could timely file any objections has now expired.

2
Case 1:20-cv-00104-TRM-HBG   Document 24   Filed 07/30/21   Page 2 of 2   PageID #: 1461